UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL BERTRAND** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-01379-UDJ-CBW** |
| **LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY** | |

**DEFENDANT'S ANSWER AND DEFENSES**

Defendant, Louisiana Farm Bureau Casualty Insurance Company (Defendant), submits its Answer and Defenses to the Complaint (R. Doc. 1), filed by Plaintiff, Michael Bertrand (Plaintiff), on October 25, 2017.

**I.   ADMISSIONS AND DENIALS**

In response to the allegations asserted by Plaintiff in his Complaint (R. Doc. 1), Defendant admits or denies those allegations, as follows. *See* Fed. R. Civ. P. 8(b)(2).

**Paragraph 1**

Defendant admits that Plaintiff's claim arises under the National Flood Insurance Act (NFIA), which allows policyholders to sue an insurer for "losses covered by flood insurance" — i.e., breach of contract. 42 U.S.C. § 4072 (authorizing claim for breach of contract); *see also Howell-Douglas v. Fidelity Nat'l Indem. Ins. Co.*, 24 F. Supp. 3d 579, 583 (E.D. La. 2014) (The NFIA authorizes "one remedy, and one remedy only for non-payment of claims: a suit for breach of contract."). Defendant denies, however, that Plaintiff has any cause of action — breach of

contract or otherwise — arising under federal common law. While federal common law "governs the [Court's] interpretation" of coverage, *Lowery v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 805 F.3d 204, 207 (5th Cir. 2015), an NFIA policyholder cannot "assert extra-contractual claims" available at federal common law, *Wright v. Allstate Ins. Co.*, 500 F.3d 390, 394 (5th Cir. 2007) ("reference to federal common law in the SFIP directs courts to employ standard insurance principles when deciding *coverage* issues . . . [i]t does not confer on policyholders the right to assert extra-contractual claims").

## Paragraph 2

Defendant admits that the allegedly breached contract is a Standard Flood Insurance Policy (SFIP), 44 C.F.R. pt. 61, app. A(1) (SFIP – Dwelling Form), issued by Defendant under the National Flood Insurance Program (NFIP). *See* 42 U.S.C. § 4071(a)(1) (authorizing the use of private insurers to carry out the NFIP); 44 C.F.R. § 61.13(f) (SFIP "may be issued by private sector 'Write-Your-Own' (WYO) property insurance companies"); 44 C.F.R. § 62.23(a) (WYO Companies authorized).

## Paragraphs 3-7

Defendant admits the allegations contained in Paragraphs 3-7 of the Complaint, as venue is proper and the Court has subject matter jurisdiction over the cause of action and personal jurisdiction over the parties.

## Paragraph 8

Defendant admits the allegations contained in Paragraph 8 of the Complaint.

**Paragraph 9**

Defendant admits the allegations contained in Paragraph 9 of the Complaint, to the extent it is identified as Louisiana Farm Bureau Casualty Insurance Company and conducts business in Louisiana. The remaining allegations made in Paragraph 9 are denied.

**Paragraph 10**

Defendant admits the allegations contained in Paragraph 10 of the Complaint.

**Paragraph 11**

Because Paragraph 11 does not contain factual allegations or claims, Defendant neither admits nor denies those allegations. Defendant acknowledges that the NFIA's regulations provide that "A WYO Company issuing flood insurance coverage shall arrange for the adjustment, settlement, payment and defense of all claims arising from policies of flood insurance it issues under the Program, based upon the terms and conditions of the Standard Flood Insurance Policy." 44 C.F.R. § 62.23(d); *see also* 44 C.F.R. § 63.23(i)(6) (WYO Companies responsible for defending claims).

**Paragraph 12**

Because Paragraph 12 does not contain factual allegations or claims, Defendant neither admits nor denies those allegations. Defendant nonetheless acknowledges that the NFIA's regulations provide that "WYO Companies will adjust claims in accordance with general company standards, guided by NFIP Claims manuals." 44 C.R.C. § 62.23(i)(1).

**Paragraph 13**

Defendant admits that a significant rain event caused flooding in this judicial district and some related damage to Plaintiff's home in August of 2016. Otherwise, Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

**Paragraph 14**

Defendant denies the allegations made in Paragraph 14 of the Complaint, because its lacks information sufficient to form a belief about the truth of those allegations.

**Paragraph 15**

Defendant admits that the flood insurance policy issued to Plaintiff was a Standard Flood Insurance Policy (SFIP) — Dwelling Form, codified at 44 C.F.R. pt. 61, app. A(1).

**Paragraph 16**

Defendant admits that Plaintiff's policy was in effect during the August 2016 flood. Defendant denies the remaining allegations in Paragraph 16 of the Complaint.

**Paragraph 17**

Defendant admits the allegations made in Paragraph 17 of the Complaint. Plaintiff's Policy provided up to $181,000 in Coverage A – Building Property, with a $2,000 deductible. *See* 44 C.F.R. pt. 61, app. A(1), § III(A) (Coverage A – Building Property).

**Paragraph 18**

Defendant admits that Plaintiff's home incurred some damage during the August 2016 flood. Defendant otherwise denies the remaining allegations in Paragraph 18, including the extent of damages alleged by Plaintiff.

**Paragraph 19**

Defendant admits that Plaintiff reported some losses to Defendant following the August 2016 flood. Otherwise, given the vagueness of the Complaint, Defendant denies the allegations made in Paragraph 19 of the Complaint.

**Paragraph 20**

Defendant admits that it sent an adjuster to inspect Plaintiff's property but denies the remaining allegations made in Paragraph 20 of the Complaint.

**Paragraph 21**

Defendant admits that Plaintiffs accepted payments totaling $129,966.95 for covered losses. Otherwise, Defendant denies the remaining allegations made in Paragraph 21 of the Complaint. Plaintiff alone was responsible for submitting his Proof of Loss and determining the amount of loss he claimed. 44 C.F.R. pt. 61, app. A(1), § VII(J)(4)-(5), (7).

**Paragraph 22**

Defendant denies the allegations in Paragraph 22 of the Complaint, as Plaintiff has been paid for all proven losses and Plaintiff was responsible for submitting a complete Proof of Loss — one that included all claimed losses. *See Howell v. State Farm Ins. Cos.*, 540 F. Supp. 2d 621, 628 (D. Md. 2008) ("[N]othing the adjuster does or fails to do relieves [insured] of the obligation to file a proper proof of loss.").

**Paragraph 23**

Defendant denies the allegations contained in Paragraph 23 of the Complaint.  The adjuster did not submit a Proof of Loss to Defendant and Plaintiff has been paid and offered an additional payment for all proven losses. Otherwise, Defendant lacks information sufficient to for a belief about the truth of Plaintiff's allegations.

**Paragraph 24**

Given the vagueness of the Complaint, Defendant denies the allegations made in Paragraph 24 of the Complaint. Plaintiff has never provided Defendant with "conclusive evidence" of covered loss beyond that already paid or offered as an additional payment under the Policy.

**Paragraph 25**

Defendant admits only that Plaintiff submitted a subsequent Proof of Loss on September 22, 2017, seeking an additional $181,000 – the Policy limit.  However, Defendant denies the remaining allegations found in Paragraph 25 of the Complaint. Defendant specifically denies the allegations that the September 22, 2017 Proof of Loss was complete — i.e., contained supporting documentation justifying any additional payment— or otherwise complied with the requirements of the SFIP.

**Paragraph 26**

Defendant denies the allegations contained in Paragraph 26 of the Complaint, as it has not received "documentation evidencing Insurer's substantial underpayment."

**Paragraph 27**

Defendant refers to its responses to Paragraph 1-26 of the Complaint.

**Paragraph 28**

Defendant admits the allegations contained in Paragraph 28 of the complaint to the extent both parties are bound by the Standard Flood Insurance Policy that Defendant issued to Plaintiff.

**Paragraph 29**

Defendant admits only that Plaintiff's Policy provided up to $181,000 "for direct physical loss by or from flood to" the items listed in the SFIP under "Coverage A – Building Property," subject to any exclusions and deductibles. *See* 44 C.F.R. pt. 61, app. A(1), § III(A)(1)-(8) (Coverage A – Building Property).  Otherwise, Defendant denies the allegations in Paragraph 29, to the extent Plaintiff claims coverage beyond that provided for by the SFIP, the NFIA and its applicable regulations.

**Paragraph 30**

Defendant denies the allegation made in Paragraph 30 of the Complaint, including Plaintiff's claim that he complied with "all conditions precedent to recovery." Plaintiff failed to comply with the Proof of Loss and supporting documentation requirements when seeking an additional payment.

**Paragraph 31**

Defendant admits that Plaintiff is suing for an alleged breach of contract and seeking damages. But, Defendant denies that it breached the insurance contract, as alleged.

**Paragraph 32**

Defendant admits that Plaintiff's home suffered damage following the August 2016 flood, but otherwise denies the extent of the damage alleged by Plaintiff.

**Paragraph 33**

Defendant denies the allegation contained in Paragraph 33 of the Complaint, as Plaintiff has not provided documentation supporting an additional payment (above the amount of additional payment already offered) for items already covered by Defendant or that any newly claimed items of damage were directly caused by flood.

**Paragraph 34**

Defendant denies the allegations contained in Paragraph 34 of the Complaint. Moreover, recovery is limited by the terms of the SFIP to the lesser of the policy limits, the cost to replace the damage with similar materials, or the actual cost spent to repair the damage. *See* 44 C.F.R. pt. 61, app. A(1), § VII(V)(2)(a). Plaintiff is not entitled to interest or any other type of award beyond what is covered by the SFIP. Plaintiff can only recover damages for "direct physical loss by or from flood" that are justified and owed under the Policy, if any.

## Prayer for Relief

While Plaintiff's Prayer for Relief does not require an Answer, Defendant responds that Plaintiffs are not entitled to the relief sought in the Complaint.

## II. DEFENSES

In response to the claims asserted by Plaintiff (R. Doc. 1), Defendant states the following defenses, including affirmative defenses. *See* Fed. R. Civ. P. 8(b)(1), (c).

## First Defense

Plaintiff's allegations are vague and the Complaint fails to state a claim on which relief can be granted.

## Second Defense

Because Plaintiff failed to plead his claim with any degree of specificity, Defendant incorporates and asserts as affirmative defenses the terms and conditions of the Standard Flood Insurance Policy, 44 C.F.R. pt. 61, app. A(1); along with the National Flood Insurance Act, 42 U.S.C. §§ 4001-4131; the Federal Emergency Management Agency's (FEMA) regulations, 44 C.F.R. pts. 59-80; and any guidance by FEMA interpreting its regulations, *see Stevens v. Allstate Ins. Co.*, 19 F. Supp. 3d 690, 693 (E.D. La. 2014) (Generally, "[a]ny interpretation of those regulations by FEMA also governs . . . ."). *See also* 44 C.F.R. § 61.5(e) (The SFIP "is authorized only under terms and conditions established by Federal statute, the Program's regulations, the Administrator's interpretations and the express terms of the policy itself.").

## Third Defense

Plaintiff's recovery is limited to damages for direct physical loss caused by flood and covered by the SFIP, subject to the Policy's limits and exclusions. *See* 44 C.F.R. pt. 61, app. A(1),

§ III(A)-(D) (Coverage), § IV (Property Not Covered), § V (Exclusions), § VI. (Deductibles), § VII(V) (Loss Settlement).

### Fourth Defense

Plaintiff failed to comply with all requirements of the SFIP before filing suit, precluding any recovery. *See* 44 C.F.R. pt. 61, app. A(1), § VII(R) ("You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy."); *see also Ferraro v. Liberty Mutual Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015) ("An insured's failure to strictly comply with the SFIP's provisions—including the proof-of-loss requirement—relieves the federal insurer's obligation to pay the non-compliant claim.").

### Fifth Defense

Plaintiff cannot recover for underpayment by alleging that he was "forced" to sign a deficient Proof of Loss prepared by the adjuster. Plaintiff is solely at fault for any items allegedly omitted on the initial Proof of Loss. *See Richmond Printing LLC v. Director Federal Emergency Management Agency*, 72 F. App'x 92, 97 (5th Cir. 2003) ("The SFIP clearly states that the adjusters are provided only as a courtesy and that the ultimate responsibility for correctly completing and submitting the proof of loss forms falls entirely on the insured."); *Dickson v. American Bankers Ins. Co. of Fla.*, 739 F.3d 397, 400 (8th Cir. 2014) ("[A]s a matter of law, the [insureds] were the only parties responsible for ensuring compliance with the proof of loss requirement, including the determination of the amount of loss."); *Bull v. Allstate Ins. Co.*, 649 F. Supp. 2d 529, 541 (W.D. La. 2009) (insureds were responsible for strictly complying with terms of SFIP and could not rely on misstatements or errors made by adjuster); *see also* 44 C.F.R. § 61.5(e) ("[R]epresentations regarding the extent and scope of coverage which are not consistent with the [NFIA] or the Program's regulations, are void, and the duly licensed property or casualty

agent acts for the insured and does not act as agent for the Federal Government, [FEMA], or the servicing agent."); 44 C.F.R. pt. 61, app. A(1), § VII(J)(4)-(5) ("proof of loss . . . is your statement of the amount you are claiming under the policy . . . . you must use your own judgment concerning the amount of loss and justify that amount").

### Sixth Defense

Plaintiff cannot recover because his September 22, 2017 Proof of Loss did not comply with the SFIP's Proof of Loss and documentation requirements. Simply submitting a 'room-by-room, line-by-line' repair estimate is not enough. *See Slater v. Hartford Ins. Co. of the Midwest*, 2015 WL 1310984, at *8 (M.D. Fla. March 24, 2015) (detailed repair estimate insufficient because it doesn't "address" whether each repair is "necessary as a direct result of the flood"). Instead, a Proof of Loss must include supporting documentation — i.e., bills, receipts, invoices and related documents — sufficient to justify the amount claimed. 44 C.F.R. pt. 61, app. A(1), § VII(J)(3)-(5) (proof of loss must include an inventory of damage supported by bills, invoices, receipts and related documents justifying the amount claimed); *see also Monistere v. State Farm Fire & Cas. Co.*, 559 F.3d 390, 397-98 (5th Cir. 2009) (insured's POL for additional payment inadequate where their only supporting document was a repair estimate claiming significantly greater repair costs; POL lacked any bills or receipts justifying additional payment); *Wells v. Fidelity Nat'l Ins. Co.*, 2008 WL 2781539, at *4 (E.D. La. July 14, 2008) (dismissing claim based on insured's failure to submit supporting documentation along with POL, "including but not limited to, bills, receipts, checks, invoices"). Here, Plaintiff did not provide any supporting documentation.

### Seventh Defense

Plaintiff is not eligible for an additional payment based on higher repair costs, because he did not provide documented proof that: (1) those higher costs were incurred and (2) he exhausted

the $129,966.95 already paid. The SFIP and FEMA Bulletin W-14058 require "documentation of the actual costs" — "actual receipts, paid bills, paid invoices, cancelled checks, and the like" — for completed repairs. *See* 44 C.F.R. pt. 61, app. A(1), § VII(J) (requirements in case of loss); Fed. Emergency Mgmt. Agency, U.S. Dep't of Homeland Sec., FEMA Bull. No. W-14058, *Clarification on: 1) Application of the Dwelling Form Loss Settlement Clause; 2) Use of Flood Insurance Claims Proceeds; and 3) FEMA's Underwriting and Claims Operation Review Tool* (Nov. 20, 2014) ("[I]nsurer will need documentation of the actual costs in order to make the additional payment. FEMA will require actual receipts, paid bills, paid invoices, cancelled checks and the like to support payment.")

### Eighth Defense

Plaintiff is not entitled to any additional payment based on his September 22, 2017 Proof of Loss because it included items not covered under the SFIP or not damaged directly by or from flood.

### Ninth Defense

Plaintiff is not entitled to an additional payment because the repair and replacement costs included in his September 22, 2017 Proof of Loss are based on materials of higher grade and quality than those existing in the home at the time of loss. The SFIP limits coverage to the cost of repairing or replacing any damaged property with materials of like kind and quality. *See* 44 C.F.R. pt. 61, app. A(1) § VII(K)(3)(a) (After a loss, the insurer may "[r]epair, rebuild, or replace any part of the lost, damaged, or destroyed property with material or property of like kind and quality or its functional equivalent.").

**Tenth Defense**

Plaintiff cannot recover for any alleged damage to the foundation of his home. Hydrostatic, hydrodynamic, frictional or buoyant forces from the flood did not damage the foundation. In other words, any damage to Plaintiff's foundation falls within the 'earth movement' exclusion of the SFIP. *See* 44 C.F.R. pt. 61, app. A(1), § V(C) (Earth Movement Exclusion).

**Eleventh Defense**

Extra-contractual claims and consequential damages arising from Defendant's handling of Plaintiff's claim are preempted. *See Wright v. Allstate Ins. Co.*, 500 F.3d 390, 397-98 (5th Cir. 2007) (NFIA preempts extra-contractual claims based on state and federal common law). And so, to the extent Plaintiff plead extra-contractual claims arising out of the handling of the insurance claim and requests "all other damages Homeowner may prove," those claims must be dismissed because they fail to state a claim on which relief can be granted.

**Twelfth Defense**

Plaintiff is not entitled to recover for "expenses, for pre-judgment and post-judgment interest . . . and for all other relief this Court may deem just and proper" (R. Doc. 1 at 7), and that portion of the Complaint should be dismissed. The NFIA does not "allow recovery of costs, attorneys' fees, or interest." *Qader v. Federal Emergency Management Agency*, 543 F. Supp. 2d 558, 563 (E.D. La. 2008); *see also Dwyer v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 565 F.3d 284, 289-90 (5th Cir. 2009) (attorney fees and costs against WYO insurer not available under NFIA or Equal Access to Justice Act (EAJA)); *Monistere v. State Farm Fire & Cas. Co.*, 559 F.3d 390, 398 (5th Cir. 2009) ("the National Flood Insurance Program does not authorize interest, before or after judgment").

**Respectfully Submitted**,

/s/ Marla E. Mitchell
**Michael G. Gee**
La. Bar Roll No. 20193
**Marla E. Mitchell**
La. Bar Roll No. 33992
**Michelle D. Brooks**
La. Bar Roll No. 29146
Porteous Hainkel & Johnson, LLP
211 W. Fifth Street
Thibodaux, Louisiana 70301
(985) 446-8451
mgee@phjlaw.com
mmitchell@phjlaw.com
mbrooks@phjlaw.com

## CERTIFICATE OF SERVICE

  I certify that on January 31, 2018, a copy of the above Motion was filed electronically with the Clerk of Court for the Western District of Louisiana using the Court's CM/ECF system. A copy of this Motion was contemporaneously served on counsel for all parties by electronic means and notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

    /s/ Marla E. Mitchell
    **Marla E. Mitchell**